UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ARROWOOD CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, an Illinois Corporation; COUNTRY CASUALTY INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Arrowood Condominium Association (the "Association") alleges as follows:

## I.     INTRODUCTION

1.1    This is an action for declaratory judgment, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Country Mutual Insurance Company, and Country Casualty Insurance Company (collectively "Country") insurance policies issued to the Association. The Association is seeking a ruling that: (1) Country's policies provide coverage for the hidden damage at the

Association and (2) Country is liable for money damages for the cost of repairing hidden damage at the Association.

      (B)    Damages for bad faith and violations of the CPA against Country.

      (C)    Attorneys' fees and costs (including expert witness fees) against Country.

      (D)    Any other relief the Court deems just and equitable.

## II.  PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a Washington non-profit corporation created under the laws of the state of Washington with its principal place of business located in Kirkland, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Arrowood Condominium Association property for the common enjoyment of the unit owners. The Arrowood Condominium Association property consists of twelve (12) buildings with ninety-four (94) residential units located Kirkland, King County, Washington.

2.2 <u>Country Casualty.</u> Country Casualty Insurance Company ("Country Casualty") is an Illinois domiciled insurer with its principal place of business in Bloomington, Illinois. Country Casualty sold property insurance policy(s) to the Association including Policy Nos. WA020023210900 (in effect from at least 10/01/2021 to 10/01/2022). The Country Casualty policy(s) identifies the Arrowood Condominium Association as covered property. The Association is seeking coverage under all Country Casualty policies issued to the Association or covering the Arrowood Condominiums at any time.

2.3 <u>Country Mutual.</u> Country Mutual Insurance Company ("Country Mutual") is an Illinois domiciled insurer with its principal place of business in Bloomington, Illinois. On information and belief Country Mutual issued property insurance policies to the Association. The Association is seeking coverage under all Country Mutual Insurance policies issued to the Association or covering the Arrowood Condominiums at any time.

2.4 <u>Doe Insurance Companies 1-10.</u> Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Arrowood Condominium Association as covered property.

2.5 <u>Arrowood Insurers.</u> Country Mutual, Country Casualty, and Doe Insurance Companies 1-10 shall be collectively referred to as the "Arrowood Insurers."

2.6 <u>Arrowood Policies.</u> The policies issued to the Association by the Arrowood Insurers shall be collectively referred to as the "Arrowood Policies."

### III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and, as alleged below, the amount in controversy exceeds $75,000.

3.2 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as Country marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim occurred in King County; and the insured condominium building is located in King County.

### IV. FACTS

4.1 <u>Incorporation by Reference.</u> The Association re-alleges the allegations of Paragraphs 1.1 through 3.3, above, as if fully set forth herein.

4.2 <u>Tender to Country.</u> On May 24, 2023, the Association tendered an insurance claim to Country for hidden damage discovered by Evolution Architecture ("Evolution") during a recent limited intrusive investigation. As part of its claim tender, the Association asked Country to investigate for other hidden damage that may exist at the Arrowood Condominiums.

4.3 <u>Investigation.</u> On January 16th, 17th, and 18th, 2024, the Association, including its experts at Evolution and representatives from multiple insurers, conducted a joint intrusive investigation at the Arrowood Condominiums. The joint intrusive investigation uncovered water damage to the sheathing, framing, and weather resistive barrier ("WRB"). Hidden damage was discovered at 16 of the 20 openings made.

4.4     Evolution Report. According to Evolution, the hidden water damage at the Arrowood Condominium Association has occurred incrementally and progressively, and some new loss or damage commenced during each Country policy period. The cost to repair the hidden damage at the Arrowood Condominiums is more than $8,100,000.00, well over the jurisdictional limit of $75,000.

## V.  FIRST CLAIM AGAINST THE ARROWOOD INSURERS FOR A DECLARATORY JUDGMENT THAT THE ARROWOOD POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the Arrowood Policies cover the hidden damage to WRB, sheathing, and framing at the Arrowood Condominiums.

(B)     No exclusions, conditions, or limitations bar coverage under the Arrowood Policies.

(C)     That the loss or damage to the Association was incremental and progressive. New damage hidden commenced at the Arrowood condominium complex during each year of the Arrowood Policies.

(D)     As a result, the Arrowood Policies cover the cost of investigating and repairing the exterior WRB, sheathing, and framing at the Arrowood Condominiums.

## VI.  SECOND CLAIM AGAINST COUNTRY FOR INSURANCE BAD FAITH

6.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own

financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

6.3   The Association requested that Country enter into a tolling agreement when it tendered its claim to Country on May 24, 2023. Country entered into the tolling agreement on July 11, 2023. Country subsequently declined to extend the tolling agreement even though it had not yet finished its claims investigation or issued a coverage determination. In failing to extend the tolling agreement with the Association, Country has violated Washington claim handling standards including, but not limited to, WAC 284-30-330(7): "[c]ompelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy . . . ." On information and belief Country refused to extend the tolling agreement with the Association in an attempt to expire the contractual suit limitations provision in the Country policy.

6.4   Country has an obligation to promptly come to a claims determination within 30 days pursuant to WAC 284-30-370. Country has breached this duty by failing to come to a coverage determination even though the Association submitted its claim approximately 12 months ago and has fully cooperated with Country's investigation. Country also has an obligation to fully disclose the coverage under its policy to the Association. Country has breached this duty by failing to acknowledge that: (1) that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Arrowood Condominium Association; (2) weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) that there is coverage under Country's policy(s) when damage results from a combination of rain and inadequate construction; and (4) that there is coverage under Country's resulting loss provision.

6.5   A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Country's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.

- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Country to provide a reasonable explanation of the relevant facts, law and policy language.
- Which require Country to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require Country not to force its insured to initiate litigation to receive policy benefits.
- Which require Country to respond to the communications from its insured.

A violation of Washington claim handling procedures, including WAC 284-30-330(7), is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract.

6.6  Country's actions and omissions, including but not limited to Country's refusal to extend the tolling agreement with the Association; Country's failure to come to a prompt coverage determination; and Country's failure to acknowledge pertinent coverage under its policy, are unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Country's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

## VII. THIRD CLAIM AGAINST COUNTRY FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

7.1  The Association re-alleges and incorporates by reference Paragraphs 1.1 through 6.6, above, as if fully set forth herein.

7.2  Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of Country was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Country's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

8.1 <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Arrowood Policies provide coverage as described herein and that money damages are owed by each of the Arrowood Insurers for the cost of investigating and repairing hidden damage at the Arrowood complex in an amount to be proven at trial.

8.2 <u>Money Damages</u>. For money damages against the Arrowood Insurers in an amount to be proven at trial.

8.3 <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees) against Country. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

8.4 <u>CPA Penalties</u>. For CPA penalties against Country of up to $25,000 per violation.

8.5 <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## IX. DEMAND FOR JURY TRIAL

9.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 11th day of June, 2024.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Jessica R. Burns*
Jessica R. Burns, WSBA #49852
16400 Southcenter Pkwy, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
justin@condodefects.com
dstein@condodefects.com
jessica@condodefects.com

Telephone: (206) 388-0660
*Attorneys for Plaintiff*